UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

| | |
|---|---|
| PERCY BARRON,<br><br>    Plaintiff,<br><br>V.<br><br>DOUGLAS KATZ,<br><br>    Defendant. | Civil Action No. 6: 17-195-KKC<br><br>**MEMORANDUM OPINION<br>& ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Percy Barron is a prisoner confined at the United States Penitentiary-McCreary ("USP-McCreary") in Pine Knot, Kentucky. Plaintiff has filed a complaint purporting to be a criminal action requesting that the Court fine or imprison Defendant, identified in the complaint as an employee of the Department of Opthalmology and Visual Sciences at UK Healthcare. [R. 1]. For administrative purposes, the Clerk of the Court has filed the letter as a civil rights action under 28 U.S.C. § 1331, pursuant to the doctrine announced in *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971). However, Plaintiff has not paid the $350.00 filing fee and the $50.00 administrative fee or filed a motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). Thus, the Court will dismiss the complaint without prejudice.

In addition, as currently drafted, Plaintiff's letter is subject to summary denial for failure to adequately articulate a claim for relief. A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court has an obligation to liberally construe a complaint filed by a person proceeding without counsel, it has no authority to create arguments or claims that the

plaintiff has not made. *Coleman v. Shoney's, Inc.*, 79 F. App'x 155, 157 (6th Cir. 2003) ("Pro se parties must still brief the issues advanced with some effort at developed argumentation.").

Here, Plaintiff is attempting to impose criminal penalties through a civil rights action. However, absent actions amounting to contempt of court, this Court cannot impose criminal penalties against the named defendant through the mechanism of a civil rights action. *Sahagian v. Dickey,* 646 F.Supp. 1502, 1506 (W.D.Wis.1986). Likewise, the Court cannot initiate criminal or regulatory investigations of any defendant. Rather, authority to initiate criminal complaints rests exclusively with state and federal prosecutors. *Id*. "Such complaints must be initiated by the appropriate prosecutorial office: a state court prosecutor, a United States Attorney, or a federal grand jury; a federal court has no authority to do so." *Young v. Herald*, 2005 WL 1048117 at *8 (E.D.Ky, May 3, 2005)(citations omitted).

Moreover, to the extent that Plaintiff seeks to initiate criminal proceedings against Defendant, private parties have no right to file criminal complaints under 18 U.S.C. §§ 241 and 242 (the criminal analogue of 42 U.S.C. § 1983 and *Bivens*). *See Brewster v. Cooper Industries, Inc.*, 2005 WL 2403734 at *5 (E.D.Ky., Sept. 28, 2005). *See also S. v. D.,* 410 U.S. 614, 619 (1973)("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."). Rather, as noted above, the power to initiate a federal criminal prosecution is vested exclusively in the executive branch. *Saro v. Brown,* 11 Fed. App'x 387, 388 (6th Cir. 2001). *See also Kafele v. Frank & Wooldridge Co.*, 108 Fed.Appx. 307, 308-309 (6th Cir. 2004)("Furthermore, as a private citizen, [the plaintiff] has no authority to initiate a federal criminal prosecution of the defendants for their alleged unlawful acts.").

Thus, Plaintiff's request for the imposition of criminal sanctions or imprisonment is denied as frivolous and, accordingly, his complaint will be summarily dismissed pursuant to *Apple v.*

*Glenn*, 183 F. 3d 477, 479 (6th Cir. 1999) (holding that a district court may, upon its own motion, dismiss for lack of subject matter jurisdiction any complaint whose allegations "are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion").

If Plaintiff wishes to seek relief in this Court by filing a civil action, he may obtain a form Civil Rights Complaint [EDKY Form 523] from the Clerk of the Court. Plaintiff is advised that any new complaint must describe the *facts* of his case, specifically identifying the people, dates, places, and actions which are relevant to his claims, and explain what he wants the Court to do.

Plaintiff is further advised that, at the same time that he files a new complaint, he must pay the $350.00 filing fee and the $50.00 administrative fee, or file a motion to pay the filing fee in installments under 28 U.S.C. § 1915. However, Plaintiff should be on notice that he may be ineligible to proceed as a pauper, if this Court determines that he has, "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). In such circumstances, Plaintiff will be responsible for payment of the entire fee even if his case is later dismissed by the Court. *McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997), abrogated on other grounds, *Jones v. Bock*, 549 U.S. 199 (2007)("The dismissal of a complaint under § 1915(e)(2) or § 1915A does not negate a prisoner's obligation to pay the filing fee in accordance with § 1915(b)(1)-(2)...Our mandate, however, does not prevent a district court from making the fee assessment and conducting the screening process in the same opinion or order.")(citation omitted).

Accordingly, **IT IS ORDERED** that:

1. Plaintiff's Complaint [R. 1] is **DISMISSED WITHOUT PREJUDICE**;

2. **JUDGMENT** shall be entered contemporaneously with this Order; and

3. This matter is **STRICKEN** from the Court's docket.

Dated August 9, 2017.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY